IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

RICKY EDWARD JONES,

     Plaintiff,

v.                                                                        No. 1:24-cv-01271-JDB-jay

JOHN DOES 1 THROUGH 3, and
HARDEMAN COUNTY, TENNESSEE,

     Defendants.

---

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

Before the Court is the motion of Defendant, Hardeman County, Tennessee, to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Docket Entry ("D.E.") 52.) Plaintiff has not responded to the motion, and the time for doing so has expired. For the following reasons, the motion is GRANTED.

On April 29, 2026, attorney Andre C. Wharton moved to withdraw as counsel of record for Plaintiff, Ricky Edward Jones. (D.E. 49.)[1] On the same day, the Court granted the motion and required Plaintiff to retain new counsel within forty-five days of the order, "or the Court will entertain a motion from Defendants to dismiss based on Plaintiff's failure to prosecute." (D.E. 50.) Jones failed to retain counsel and have that attorney file a notice of appearance with the Clerk within the deadline or provide any other update as to the status of this matter. As a result, on June 22, 2026, Hardeman County moved to dismiss. (D.E. 52.)

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action upon the motion

---

[1] Wharton has since entered a notice of an attorney lien against Plaintiff. (D.E. 51.)

of a defendant "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." A district court considering whether to dismiss under Rule 41 should consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). District courts are afforded "substantial discretion" in deciding a motion to dismiss under Rule 41. *Knoll*, 176 F.3d at 363.

First, Plaintiff's failure to abide by the Court's April 29, 2026, order (D.E. 50), despite the warning issued by the Court of the possible consequences of such noncompliance, indicates willfulness or fault. *See Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("The plaintiffs' wil[l]ful failure to comply with the court's order, despite the warning of potential dismissal, justifies their dismissal for failure to prosecute."); *see also Fields v. Strada*, No. 1:24-cv-01055-JDB-tmp, 2024 WL 3891150, at *2 (W.D. Tenn. Aug. 21, 2024) (citation omitted). Additionally, Defendant cites Jones's filing of a motion to enlarge the scheduling order deadlines (D.E. 26) on November 26, 2025—three weeks after the discovery deadline had passed (*see* D.E. 16 at PageID 54 (requiring parties to complete all discovery by November 5, 2025)) and days before Defendant "was set to submit an already-prepared motion for summary judgment." (D.E. 52-1 at PageID 300, 302.) Defendant suggests that these "obvious delay tactics" constituted bad faith or willfulness for the purpose of stalling the impending summary judgment motion. (*See id.* at PageID 302.) Accordingly, the first factor points to dismissal.

Second, Hardeman County has been prejudiced by Jones's failure to move the case

forward. "The failure to advance litigation . . . prejudices the parties and reflects the type of situation where the Court should intervene." *Sumler v. LeSaint/Tagg Logistics*, No. 22-cv-02836-TLP-tmp, 2025 WL 3482885, at *2 (W.D. Tenn. Sept. 16, 2025) (quoting *Farley v. Am. Bottling Co.*, No. 3:23-cv-00533, 2025 WL 1408894, at *3 (M.D. Tenn. Apr. 7, 2025), *report and recommendation adopted by* 2025 WL 1403669 (M.D. Tenn. May 14, 2025)), *report and recommendation adopted by* 2025 WL 3475598 (W.D. Tenn. Dec. 3, 2025). Defendant maintains that it expended time and effort drafting its summary judgment motion that it never filed due to Plaintiff's belated motions for extension of deadlines and permission to amend his complaint, as well as retaining its own expert to challenge Plaintiff's retained expert. (*See* D.E. 52-1 at PageID 302-03.) Hardeman County submits that it "suffered prejudice in defending an action that Plaintiff now chooses not to prosecute," (*id.* at PageID 303), and the Court agrees. *See Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant 'is required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997))). Therefore, the second factor favors dismissal.

Third, the Court warned Jones that failure to comply with its order would result in it "entertain[ing] a motion from Defendants to dismiss based on Plaintiff's failure to prosecute." (D.E. 50.) Thus, the third factor supports dismissal.

Fourth, the Court has considered less drastic sanctions but concludes that such efforts would be futile, as it appears that Plaintiff has abandoned this case. *See Sumler*, 2025 WL 3482885, at *2 (holding that when the plaintiff "ha[d] not taken any action to move her case forward for several months," "no alternative sanction short of dismissal [wa]s warranted" because "[d]ismissal is appropriate in cases of extended inactivity"). The Court also notes that "[c]ourts in

this Circuit have dismissed actions under Rule 41(b) in similar circumstances." *See Anderson v. Hill*, No. 16-02187, 2017 WL 8640624, at *3 (W.D. Tenn. Mar. 15, 2017) (collecting cases and finding dismissal appropriate where a motion to dismiss followed the expiration of the plaintiff's deadline to obtain new counsel pursuant to a court order and thereafter failed to respond to subsequent filings).

For the reasons stated, the motion to dismiss (D.E. 52) is GRANTED, and this case is hereby DISMISSED. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 21st day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4